UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEWIS DESHAWN FAIRLEY, #297836,

        Petitioner,                      Case No. 14-cv-10759

v.                                          Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Michigan prisoner, Lewis Fairley ("Petitioner"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state criminal convictions and sentences. In his petition, Petitioner raises claims concerning the admission of motive evidence and other acts evidence, the effectiveness of trial counsel, the composition of the jury, double jeopardy, the jury instructions, the effectiveness of appellate counsel, and the validity of his fourth habitual offender sentence.

On July 22, 2014, the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 8. His response was due by August 29, 2014. Petitioner has not responded to the Court's show cause order. Upon further review of the record, the habeas petition is untimely and must be dismissed. A certificate of appealability and leave to proceed *in forma pauperis* on appeal will also be denied.

**I.**

Petitioner was convicted of first-degree home invasion, felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Washtenaw County Circuit Court in 2006. He was sentenced as a fourth habitual offender to 20 to 40 years imprisonment for the home invasion conviction, three years eight months to 15 years imprisonment for the assault and felon in possession convictions, and two consecutive years imprisonment for the felony firearm conviction.

Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of motive and other acts evidence, the conduct of the prosecutor, and the effectiveness of trial counsel (alleging the failure to challenge his arrest and search, to admit certain evidence, to request additional peremptory challenges, to contest the timeliness of the habitual offender notice, and to contest the scoring of sentencing offense variables). The court denied relief on those claims and affirmed his convictions. *People v. Fairley*, No. 271965, 2007 WL 4404642 (Mich. Ct. App. Dec. 18, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Fairley*, 480 Mich. 1139, 746 N.W.2d 90 (March 24, 2008).

Petitioner filed an initial habeas petition with this Court dated on September 16, 2008. After the State filed an answer to the petition, he moved to stay the proceedings so that he could return to state court and exhaust additional issues. The Court denied the motion to stay because Petitioner had not shown the need for the stay since he had more than nine months of the one-year limitations period remaining and had not shown good cause for failing to exhaust all of his claims before seeking federal habeas relief. Petitioner then moved to voluntarily dismiss his petition. The Court granted his motion, dismissed without prejudice the petition, and closed the

case. The Court specifically advised Petitioner that if he returned to federal court, he would have to file a new petition within the time remaining on the one-year period of limitations. *Fairley v. Palmer*, No. 1-08-CV-14052 (E.D. Mich., Feb. 10, 2011).

Petitioner returned to state court and filed a motion for relief from judgment with the trial court raising claims concerning the composition of the jury, double jeopardy, the admission of other acts evidence, the jury instructions, the effectiveness of appellate counsel, and the timeliness of the fourth habitual offender notice. According to Petitioner, the trial court denied the motion on May 23, 2011. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Fairley*, No. 309590 (Mich. Ct. App. June 13, 2012) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Fairley*, 493 Mich. 894, 822 N.W.2d 569 (Nov. 20, 2012).

Petitioner filed the instant undated federal habeas petition on February 19, 2014. ECF No. 1. As noted, the Court subsequently issued a show cause order concerning the timeliness of the petition. ECF No. 8. Petitioner did not respond to the Court's order.

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final on June 22, 2008. At the time he dated his first habeas petition on September 16, 2008, just under three months of the one-year period had run. The one-year period was then tolled while his first habeas case was pending in this Court. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). When the Court dismissed that petition on February 10, 2011, Petitioner had just over nine months of the one-year limitations period remaining. Petitioner filed his state court motion for relief from judgment shortly thereafter (date unknown) and his case remained pending in the state courts until the Michigan Supreme Court denied leave to appeal on November 20, 2012. The limitations period

was tolled during the time in which Petitioner's motion for relief from judgment and related appeals were pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Accordingly, without considering any time that elapsed between the Court's dismissal of Petitioner's first habeas petition and the filing of his state court motion for relief from judgment, Petitioner had, at most, just over nine months to file his new habeas petition in federal court. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner, however, did not file his current habeas petition until February 19, 2014 – 15 months later. Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. The fact that he is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). To be sure, the Court informed Petitioner of the timing and filing requirements applicable to his case when it dismissed his initial habeas petition. Petitioner does not demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual

innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. Petitioner does not establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and should be dismissed.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable.

Lastly, an appeal from this decision cannot be taken in good faith and so leave to proceed *in forma pauperis* on appeal will not be granted. *See* FED. R. APP. P. 24(a).

## IV.

It is **ORDERED** that Petitioner Fairley's petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED with prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: November 21, 2014              s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail and on Lewis Deshawn Fairley #297836, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 by first class U.S. mail on November 21, 2014.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS